UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| BJORN NIELSEN, AS THE PERSONAL REPRESENTATIVE OF THE ESTATE of ELLEN VESTERGAARD, <br><br> Plaintiff, <br><br> v. <br><br> CETERA FINANCIAL GROUP, INC. F/K/A INVESTORS CAPITAL CORP., <br><br> Defendant. | Civil Action No. 1:23-CV-10073-AK |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND

**A. KELLEY, D.J.**

Plaintiff Bjorn Nielsen ("Nielsen"), acting as the personal representative of the estate of Ellen Armistead Vestergaard ("Vestergaard")[1], filed suit on January 4, 2023, in Massachusetts Superior Court against Defendant Cetera Financial Group, Inc.[2] ("Cetera Financial"), alleging negligence and a violation of the Massachusetts Uniform Securities Act ("MUSA"), Mass. Gen. L. ch. 110A, § 102. [Dkt. 1-1 at 2-3]. Cetera Financial removed this action from Superior Court and then filed a motion to dismiss Nielsen's claims for failure to state a claim. [Dkt. 1; Dkt. 6]. Nielsen then filed a motion for leave to amend the complaint, adding claims for unjust enrichment (and negligence), breach of fiduciary duty, and constructive trust. [Dkt. 13-1 at 2-3].

---

[1] Bjorn Nielsen is acting as the personal representative of Ellen Vestergaard due to her death on August 26, 2022. [See Dkt. 13-1 at ¶ 9].
[2] Cetera Financial Group, Inc. was formerly known as Investor Capital Corp. Defendants contend that they are improperly named, alleging that they did not acquire or "wholly own or operate ICC." [Dkt. 7 at 2]. This detail has no bearing on the motion to dismiss and motion to amend.

1

For the reasons set forth below, Cetera Financial's motion to dismiss Nielsen's complaint [Dkt. 6] is **GRANTED**, and Nielsen's motion for leave to amend complaint [Dkt. 13] is **DENIED.**

**I.     BACKGROUND**

The following summary is based upon allegations in Nielsen's complaint and proposed amended complaint, which are accepted as true as the Court considers the motions to dismiss and for leave to amend the complaint.[3]  See Doe v. Town of Wayland, 179 F. Supp. 3d 155, 163 (D. Mass. 2016).

An employee and a broker at Cetera, Nick Palky ("Palky"), acted as an investment advisor and tax preparer to the decedent, Vestergaard.  [Dkt. 13-1, First Amended Complaint (referred to herein as "FAC") at ¶ 3].  Prior to Vestergaard's death, "Palky forged [Vestergaard's] signature on the account opening documents at MFS and Putnam in 2009," and "Palky used the Defendant's [m]edallion [s]ignature [g]uarantee [s]tamp to guarantee the signatures of Ellen Vestergaard as to both Putnam and MFS."  [Id. at ¶ 4-5].  Vestergaard funded these two accounts.[4]  [Id. at ¶ 6].  In 2016, Palky wrote two forged and unauthorized checks to himself from MFS totaling $95,232.12 and from Putnam in the amount of $180,000.00.  [Id. at ¶ 7].  "In 2017, [] Vestergaard directed a question to [] Palky concerning her taxes and became concerned about him when he did not respond.  She made contact with Putnam and MFS and learned her money had been removed."[5]  [Id. at ¶ 8].  Vestergaard passed away on August 26,

---

[3] Nielsen's complaint and first amended complaint allege identical material facts.  [Compare Dkt. 8 at 1-2 and Dkt. 13-1 at 1-2].
[4] Nielsen has not provided the Court with any information on these accounts, the amount the accounts were originally funded with, when in 2016 the money was withdrawn, or when Vestergaard discovered the removal of monies from MSF and Putnam.  Therefore, it is unclear if the amount Palky withdrew is the same as the amount of money removed from Vestergaard's investment accounts.
[5] The complaint does not indicate when specifically Vestergaard contacted Putnam and MFS.

2

2022, and Nielsen became the duly appointed personal representative of her estate. [FAC ¶¶ 1, 9]. Subsequently, Nielsen attempted to, but has failed, to locate Palky. [FAC ¶ 10].

Nielsen now brings suit, alleging in his complaint that Cetera Financial should be held liable for negligence ("Count I") and a violation of the Massachusetts Uniform Securities Act ("MUSA"), Mass. Gen. L. ch. 110A, § 102 ("Count II"). [Dkt. 1-1 at 2-3]. He seeks to amend the complaint to add claims for unjust enrichment and negligence, breach of fiduciary duty, and constructive trust. [See FAC at 2-3]. Cetera Financial moves for dismissal of Nielsen's complaint as time-barred and argues that the requested amendments to the complaint are futile. [Dkt. 7 at 6]. Nielsen has opposed Cetera Financial's motion to dismiss. [Dkt. 12].

## II. LEGAL STANDARD

Courts may simultaneously decide a motion to dismiss and a motion to amend. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter of law. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Reading the complaint "as a whole," the court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, the court must perform a close reading of the complaint to distinguish factual allegations from conclusory legal statements. Id. Factual allegations must be accepted as true, while legal conclusions are not entitled to credit. Id. A court may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Second, the court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). Dismissal is

appropriate when the complaint fails to "allege a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)).

A party seeking to amend a complaint more than twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f) must seek leave of the court to do so. Fed. R. Civ. P. 15(a). When deciding a motion for leave to amend, the court's task is to determine whether "justice so requires" that leave be granted, such that the court must "examine the totality of the circumstances" and "exercise its informed discretion in construing the balance of pertinent considerations." Palmer v. Champion Mortg., 465 F.3d 24, 30-31 (1st Cir. 2006) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Leave to amend may be denied in "appropriate circumstances," such as "undue delay, bad faith, futility, and the absence of due diligence on the movant's part." Id. Amendment is "deemed futile when the proposed amended complaint would fail to withstand a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6). Crowl v. M. Chin Realty Tr., 607 F. Supp. 2d 245, 246 (D. Mass. 2009) (citing Hatch v. Dep't for Child., Youth & Their Fams., 274 F.3d 12, 19 (1st Cir. 2001)).

## III. DISCUSSION

Cetera Financial argues that Nielsen's complaint must be dismissed because the statutes of limitations for negligence and the MUSA claims have run. [Dkt. 7 at 4-6; Dkt. 16 at 3-4]. Cetera Financial also maintains that equitable tolling is inappropriate here. [Dkt. 7 at 5-6]. Nielsen responds that the claims may be brought under a theory of unjust enrichment, and the statute of limitations does not apply to such equity actions. [Dkt. 12 at 1-2]. Nielsen also discusses breach of fiduciary duty and constructive trust, arguing that equitable defenses such as laches are inapplicable here and the statute of limitation has not run for those claims either. [Id.

at 4-7]. Nielsen seeks to amend his complaint to include claims for unjust enrichment, fiduciary duty, and constructive trust. [See FAC at 2-3]. Cetera Financial replies that those additional three claims are also time-barred and, regardless, Nielsen fails to state a plausible claim to relief for any of those claims. [Dkt. 16 at 5-7].

Nielsen alleges that Vestergaard discovered that Palky and her funds were fraudulently removed in 2017. [FAC at ¶ 8]. The main questions here are whether that discovery caused any statutes of limitations to begin to run and whether an exception exists to revive any of Nielsen's stale claims. [Dkt. 1-1; FAC at ¶ 8]. As discussed below, every claim is untimely, and no exception applies. Nielsen's complaint must be dismissed, and his proposed amendments are futile.

A. **Negligence and the Massachusetts Uniform Securities Act**

Nielsen alleges that Cetera Financial was negligent in supervising Palky and violated MUSA, Mass. Gen. Laws ch. 110A, § 102. [FAC at 2-3]. Cetera Financial argues that Nielsen's negligence and MUSA claims are barred by the applicable statute of limitations, even after applying the most generous calculation.[6]

Negligence claims must be brought within three years of the alleged violation, and claims under MUSA must be brought within four years. See Federal Home Loan Bank v. Ally Financial, Inc., No. 11-CV-10952-GAO, 2013 WL 5466631, at *7 (D. Mass. Sep. 30, 2013) (stating that "[t]he statute of limitations on MUSA claims are subject to a four-year statute of limitations"); see Mass. Gen. Laws ch. 260, § 4; Mass. Gen. Laws ch. 110A, § 410. The statutes

---

[6] Defendant calculates the expiration dates to be April 16, 2021 and April 16, 2022 for the negligence and MUSA claims respectively, taking into consideration 160 additional days for COVID-19 impacted litigation. Specifically, the Supreme Judicial Court of Massachusetts issued an order stating that "[a]ll civil statutes of limitations were tolled . . . from March 17, 2020, through June 30, 2020," due to the COVID-19 pandemic. See Supreme Judicial Court, Third Updated Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 (Coronavirus) Pandemic, No. OE-144 at 5 (June 24, 2020) ("SJC Order"). [Dkt. 7 at 3].

of limitations for both claims begin to run when the "plaintiff knows or reasonably should know that [she] has sustained appreciable harm as a result of defendant's" actions. Khatchatourian v. Encompass Ins. Co. of Massachusetts, 78 Mass. App. Ct. 53, 57 (2010) (quoting Mass. Elec. Co. v. Fletcher, Tilton & Whipple, P.C., 394 Mass. 265, 268 (1985)); see Epstein v. C.R. Bard, Inc., 460 F.3d 183, 187 (1st Cir. 2006) (citing Bowen v. Eli Lilly & Co., 408 Mass. 204, (1991)); Federal Home Loan Bank, 2013 WL 5466631, at *7. A plaintiff need not discover all details nor the full scope of the fraudulent activity to be placed on notice such that the statute of limitation begins to run. Kennedy v. Josephthal & Co., 814 F.2d 798, 802 (1st Cir. 1987). Rather, inquiry notice places plaintiffs on notice from the time a "reasonable investor" would have noticed something was "amiss." See id. at 802–803; see also Epstein v. C.R. Bard, Inc., 460 F.3d at 188-189 (affirming the lower court's finding that the plaintiff had inquiry notice at the time he wrote a letter expressing his concerns about defendants' improper actions).

The complaint and proposed amended complaint allege that Vestergaard first learned and received confirmation that the money was withdrawn from her account after Palky went missing in 2017. [FAC at ¶¶ 7-8]. This notice more than sufficed to place Vestergaard on notice that wrongdoing had occurred and, in fact, illuminated the exact harm Vestergaard suffered. As such, any statute of limitations began to run as of that date. See Epstein v. C.R. Bard, Inc., 460 F.3d at 188. The amended complaint does not provide an exact date in 2017 of when Vestergaard noticed the wrongdoing or Palky's absence, however, even if the Court were to assume the discovery occurred on the last day of 2017 (December 31), Plaintiff would have had to file the complaint by the end of December of 2020 to ensure all claims were timely. Even if the Court were to apply the most generous statutes of limitations calculation, considering any stays in

response to the COVID-19 pandemic, see supra footnote 6, the Complaint would have needed to be filed in 2021. Nielsen's negligence and MUSA claims must be dismissed.

**B.      Breach of Fiduciary Duty**

Nielsen's proposed claim for breach of fiduciary duty is similarly time-barred. Nielsen concedes there was no contractual fiduciary relationship here [Dkt. 12 at 2], so a three-year statute of limitations applies. Kirley v. Kirley, 521 N.E.2d 1041, 1042-43 (Mass. App. Ct. 1988) (applying a tort-based statute of limitations to breach of fiduciary duty claims where "the duty is one imposed by the law because of the nature of the relationship and not because of the agreement between parties, and the claim is based upon intentional conduct designed to inflict injury on another"); see also Demoulas v. Demoulas Super Markets, Inc., 677 N.E.2d 159, 172 (1997) (applying the three-year statute of limitation to a breach of fiduciary duty sounding in torts). For the same reasons explained above, the three-year statute of limitations renders this claim untimely.

**C.      Unjust Enrichment**

Nielsen's proposed claim for unjust enrichment is also time-barred. [See FAC at 2]. Contrary to Nielsen's assertions, unjust enrichment is not exempt from a statute of limitations merely because it is an action in equity. The "statute of limitation applicable to law actions on contract and tort are also applicable to suits in equity." Desmond v. Moffie, 375 F. 2d 742, 743 (1st Cir. 1967). In other words, a 3-year, tort-based statute of limitation would apply here. See Kirley v. Kirley, 521 N.E.2d at 1042-43. As previously explained, Vestergaard knew the

money was missing in 2017, and the statute of limitations for unjust enrichment began to run as of that date. Any claim for unjust enrichment is thus time-barred.[7]

## D. Fraudulent Concealment

Nielsen argues that Palky's alleged fiduciary role, and the alleged fraudulent concealment he engaged in while performing this role, spare Nielsen's claims from the statute of limitations. [See Dkt. 12 at 6]. Neither the complaint nor the amended complaint alleges fraudulent concealment, and notwithstanding this omission, the claims remain untimely.

Under Massachusetts law, a statute of limitations can be tolled because of fraudulent concealment if "the wrongdoer . . . concealed the existence of a cause of action through some affirmative act done with intent to deceive, but the statute of limitations . . . is not tolled if the plaintiff has actual knowledge of the facts giving rise to his cause of action." Abdallah v. Bain Capital LLC, 752 F.3d 114, 120 (1st Cir. 2014) (internal citation and quotation marks omitted). "'[A]ctual knowledge' does in fact mean 'what it says,'" and the Supreme Court has construed actual knowledge within the context of a statute of limitations to mean to become "aware" of a piece of information. Intel Corp. Inv. Pol'y Comm. v. Sulyma, 140 S. Ct. 768, 776 (2020) (quoting Sulyma v. Intel Corp. Inv. Pol'y Comm., 909 F.3d 1069, 1076 (9th Cir. 2018), aff'd, 206 L. Ed. 2d 103, 140 S. Ct. 768 (2020)).

---

[7] Nielsen also seeks to amend the complaint to add a claim for constructive trust. [See FAC at 3]. Constructive trust is not a "substantive right[] that confer[s] a cause of action." Orkin v. Albert, 557 F. Supp. 3d 252, 260 (D. Mass. 2021) (citing In re handy, 624 F.3d 19, 22 (1st Cir. 2010)). In the event Nielsen intended for the court to impose a constructive trust as a remedial device, it is not appropriate unless "money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession" has been demonstrated. Zimmermann v. Epstein Becker & Green, P.C., 657 F.3d 80, 83 (1st Cir. 2011) (quoting Great–West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 213 (2002). Nielsen must also establish evidence that the "property in dispute was acquired by fraud, mistake, breach of duty, or in other circumstances indicating that holder would be unjustly enriched." In re Lan Tamers, Inc. 281 B.R. 782, 793 (M. Bankr. Ct. 2002). In the early pleading stages, Nielsen has not pleaded facts tracing Vestergaard's missing funds to Palky or showing that Cetera Financial wholly owned or operated Palky's employer in 2017. [See Dkt. 7 at 2]. The Court cannot impose a constructive trust here.

8

A plaintiff's knowledge "must be more than potential, possible, virtual, conceivable, theoretical, hypothetical, or nominal," and the plaintiff "must in fact have become aware of [the relevant] information." Id. at 776-77 (internal cites and quotation marks omitted); see also Est. of Rosenberg v. Macy's, Inc., No. 20-CV-11860-MLW, 2022 WL 4547074, at *19 (D. Mass. Sept. 29, 2022).

Even if the alleged fiduciary relationship permits the application of the actual knowledge standard, and Palky's disappearance suffices as an affirmative act to deceive,[8] Nielsen's claims are still time-barred. The amended complaint alleges that not only did Vestergaard become aware in 2017 that Palky went missing, but her concern led her to contact Putnam and MFS, whereby she confirmed that her money had, in fact, had been removed. This discovery was more than "theoretical" or "hypothetical," and Vestergaard's confirmation of the missing money constitutes "actual knowledge" such that the statute of limitations cannot be tolled on the basis of fraudulent concealment. See Doe v. Harbor Sch., Inc., 843 N.E.2d 1058, 1066 (2006) ("[o]nly when the beneficiary's harm at the fiduciary's hands has 'come home'[9] to the beneficiary, does the limitations clock begin to run.").

---

[8] Where persons with a fiduciary have a duty to disclose, "silence" can be considered a form of fraudulent concealment. Puritan Med. Ctr., Inc. v. Cashman, 596 N.E.2d 1004, 1010 (1992). The Court notes, however, that several of the cases Nielsen cites to support this argument refers to the repudiation of the trust doctrine that is generally applied to a formal corporation-shareholders relationship—which is not present here. See e.g., Houle v. Low, 556 N.E.2d 51, 52-53 (1990); Durfee v. Durfee & Canning, Inc., 80 N.E.2d 522, 527-528 (1948); O'Hara v. Robbins, 432 N.E.2d 560, 561-562 (1982); Demoulas v. Demoulas Super Markets, Inc., 677 N.E.2d at 173–74. Courts, however, have tolled the statute of limitations where there is a fiduciary duty outside of the shareholder-corporate setting, and where the fiduciary relationship is not formed by a contract. See e.g., Doe v. Harbor Sch., Inc., 843 N.E.2d at 1061(applying actual knowledge standard to a counselor and counselee relationship). Accordingly, the instant matter could fit under the actual knowledge framework applied to the aforementioned cases. Still, as noted above, applying actual knowledge would not result in additional time or extend the statutes of limitations because Vestergaard gained actual knowledge in 2017.

[9] Quoting Akin v. Warner, 63 N.E.2d 566, 570 (1945).

## IV. CONCLUSION

For the following reasons, Cetera Financial's motion to dismiss [Dkt. 6] is **GRANTED**, and Nielsen's motion for leave to amend complaint [Dkt. 13] is **DENIED** as futile.

**SO ORDERED.**

Dated: June 28, 2023

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge